IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3164-BO

| | |
|---|---|
| DEVIN M. HYMAN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    <u>O R D E R</u> |
| DABBER STOCKES, et al.,<br>    Defendants. | )<br>)<br>)<br>) |

Plaintiff, currently a North Carolina state inmate, brought this action pursuant to 42 U.S.C. § 1983. On October 3, 2011, after review by this court, the matter was allowed to proceed. 28 U.S.C. § 1983 and D.E. 7. On May 7, 2012, defendants filed a motion for summary judgment based in part on plaintiff's failure to exhaust [D.E. 21 and 22]. On the same day, notice of the pending motion was sent to plaintiff with an outline of his rights and obligations as to the motion [D.E. 23]. The time for plaintiff has run without response. In this posture, the motion is ripe for determination.

Plaintiff allegations arise from the period of time in which he was housed at Edgecombe County Jail in Tarboro, North Carolina. Plaintiff alleges he was beaten and handcuffed to the bed by detention officers between October 31, 2008 and March 27, 2009. He further alleges that he was tased on March 24 or 26 while standing in water. The court assumes this occurred in 2009. As a result of being tased, plaintiff complains that he suffers from headaches. He states that he returned to Edgecombe on September 13 or 15 (year again unspecified) and was beaten.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of

law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

The court thus turns to dismissal based on the failure to exhaust. The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). The

exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

The Edgecombe County Jail has an administrative remedy procedure in which to file grievances. Mem. in Supp., Stokes Aff. ¶ 12. Within the complaint, plaintiff states that he attempted to exhaust administrative remedies by utilizing the North Carolina Department of Correction Division of Prisons Administrative Remedy Procedure while he was housed at Central Prison. Compl. § II. Plaintiff attached to his complaint a grievance form and reply letter from G.J. Branker, Warden of Central Prison. Compl., attach. This grievance concerned his assignment to control housing at Central Prison. In his response, Warden Branker advised plaintiff that he was assigned to control housing because of two reports that plaintiff had assaulted officers while housed at the Edgecombe County Jail. Id. Plaintiff later filed grievances with this court further documenting the housing grievances. D.E. 9, grievances. These grievances did not address being tased, beaten, abused, or otherwise mistreated while housed at the Edgecombe County Jail. However, on November 8, 2011, and again on November 21, 2011, plaintiff filed a grievance with this court regarding the issues now before this court. D.E. 12 and 14. The grievances were dated October 16, 2011, and November 16, 2011. These documents were therefore filed with the prison

3

after the filing of this suit on September 6, 2011, and does not act to proper exhaust the matter. Porter v.Nussle, 534 U.S. 516, 524 (2002) (citing Booth v. Churner, 532 U.S. 731, 741 (2001)); Moore, 517 F.3d at 725; 42 U.S.C. § 1997e(a); Hayes, 204 F. Ap'x. at 304 n.1; Ford, 362 F.3d at 398; Johnson, 340 F.3d at, 627–28.

For the above stated reasons, defendants' motion for summary judgment [D.E. 21] is GRANTED and the case is DISMISSED. The Clerk is DIRECTED to close the case. The dismissal is WITHOUT PREJUDICE.

SO ORDERED, this the 16 day of January 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:11-ct-03164-BO   Document 24   Filed 01/16/13   Page 4 of 4